USDC SCAN INDEX SHEET

















GEP    9/15/04    17:23

3:04-CV-01852    TAKACS V. AG EDWARDS AND SONS

*1*

*NTCREM.*



1    JOHN S. BATTENFELD, State Bar No. 119513
     MORGAN, LEWIS & BOCKIUS LLP
2    300 South Grand Avenue
     Twenty-Second Floor
3    Los Angeles, CA 90071-3132
     Tel: 213.612.2500
4    Fax: 213.612.2501

5    REBECCA D. EISEN, State Bar No. 96129
     BARBARA I. ANTONUCCI, State Bar No. 209039
6    MORGAN, LEWIS & BOCKIUS LLP
     One Market, Spear Street Tower
7    San Francisco, CA 94105-1126
     Tel: 415.442.1000
8    Fax: 415.442.1001

9    Attorneys for Defendant
     A.G. EDWARDS & SONS, INC.

10

11                   **UNITED STATES DISTRICT COURT**

12                **SOUTHERN DISTRICT OF CALIFORNIA**

13

14    DREW TAKACS, individually, and on
     behalf of all others similarly situated,

15                 Plaintiff,

16                  vs.

17    A.G. EDWARDS & SONS, INC., and
     DOES 1 through 50, inclusive,

18

19               Defendants.

Case No. **'04 CV 1852 JAH (NLS)**

**(Labor Relations)**

**NOTICE OF REMOVAL OF CIVIL
ACTION UNDER 28 U.S.C. §1441(b)
(FEDERAL QUESTION)**

20    TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN

21    DISTRICT OF CALIFORNIA:

22          PLEASE TAKE NOTICE THAT Defendant A.G. Edwards & Sons, Inc. (hereinafter

23    "Defendant"), submits this Notice of Removal and, pursuant to 28 U.S.C. section 1441, hereby

24    removes to this Court the state action described below:

25          1.      On or about June 30, 2004, an action was commenced in the Superior Court of the

26    State of California in and for the County of San Diego, entitled *Drew Takacs, individually, and on*

27    *behalf of all others similarly situated vs. A.G. Edwards & Sons, Inc., and Does 1 through 50,*

28    *inclusive,* Case No. GIC 832185, alleging causes of action for Restitution of Overtime Wages,

ORIGINAL

1-SF/7148690.1                           1



Restitution of Wage Deductions, Labor Code Penalties; Waiting Time Penalties, and Rest and Meal Breaks. A true and correct copy of this "Class Action Complaint" along with the Summons is attached hereto as **Exhibit 1**.

2.      Defendant was served with the Summons and Class Action Complaint on August 17, 2004. Defendant was also served with a Civil Case Cover Sheet, Notice of Case Assignment, Stipulation to Use of Alternative Dispute Resolution Process and Notice to Litigants/ADR Information Package, attached as **Exhibit 2**. Defendant answered Plaintiffs' Class Action Complaint in state court on September 15, 2004. A true and correct copy of Defendant's Answer is attached hereto as **Exhibit 3**.

3.      The documents attached as **Exhibits 1, 2** and **3** constitute all the process, pleadings and orders filed in this action in the San Diego Superior Court and of which Defendant has knowledge to date.

4.      This Notice of Removal is filed within thirty (30) days of service of the Summons and the Class Action Complaint and is therefore timely under 28 U.S.C. § 1446(b).

5.      This action is a civil action of which the Court has original jurisdiction pursuant to 28 U.S.C. § 1331. This entire action is one which may be removed to this Court by Defendant pursuant to the provisions of 28 U.S.C. § 1441(b), in that it includes a claim arising under the laws of the United States.

6.      The first cause of action in the Complaint alleges that Defendant's actions were in violation of the federal Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207(a)(1), because Defendant's business allegedly does not qualify for the FLSA's commissions exemption under 29 U.S.C. § 207(i), and federal regulations promulgated under the FLSA. Complaint ¶12. The first cause of action does not allege that Defendant's conduct is independently unlawful under California substantive law. Consequently, it raises a claim that is "necessarily federal in character," and one where the "right to relief depends on the resolution of a substantial, disputed federal question." *See Herman v. Salomon Smith Barney, Inc.*, 266 F. Supp. 2d 1208, 1211 (S.D. Cal. 2003) (outlining the requirements for asserting federal jurisdiction in cases where a federal violation is pled under the auspices of a state cause of action); *see also Sparta Surgical v. Nat'l*

1    *Ass'n of Sec. Dealers*, 159 F.3d 1209, 1211 (9th Cir. 1998) (holding that because the complaint

2    sought relief based upon a violation of rules promulgated by an agency under the federal

3    securities laws, subject matter jurisdiction was vested in the federal district court)

4           7.     Plaintiff has "artfully pled" alleged violations of the FLSA as a state law claim for

5    the restitution of overtime wages, on behalf of subclass A, under California Business &

6    Professions Code § 17200.  Complaint ¶14.  This attempt to engraft a state law remedy on alleged

7    violations of a federal law does not change the fact that the claim is necessarily federal in

8    character, and Plaintiff's right to relief depends entirely on the resolution of whether Defendant

9    violated the FLSA.

10           8.     The federal question – the purported violation of the FLSA – in Plaintiff's first

11    cause of action is "substantial," because the vindication of the purported state law right embodied

12    in California Business and Professions Code Section 17200 "necessarily turn(s) on some

13    construction of federal law." *Merrell Dow Pharmaceuticals Inc. v. Thompson*, 478 U.S. 804, 808

14    (1986).  Moreover, claims under the FLSA are clearly within a class of cases "for which

15    jurisdiction would serve congressional purposes and the federal system." *Id.* at 814.  Indeed, an

16    employer's obligations under the FLSA can be enforced through a direct private right of action

17    under federal law.  *See* 29 U.S.C. § 216(b) (authorizing awards of unpaid overtime, "liquidated"

18    damages, and attorneys' fees).  The availability of a direct federal right of action demonstrates

19    that the FLSA issue in this case is a "substantial" federal question "arising under" the laws of the

20    United States.  *See Id.* (determining the presence of a "substantial" federal question in state-law

21    tort claim based on availability of a private right of action under federal law).

22           9.     Plaintiff's remaining causes of action are claims over which this Court may

23    properly exercise supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a), because they form

24    part of the same case or controversy as the claims over which this Court would have original

25    jurisdiction.

26          10.    Venue is proper in this district, pursuant to 28 U.S.C. § 1441(a), because it

27    embraces the county in which the removed action has been pending.

28          11.    Defendant will promptly serve Plaintiff with this Notice of Removal and will

1    promptly file a copy of this Notice of Removal with the clerk of the state court in which the

2    action is pending, as required under 28 U.S.C. § 1446(d).

3            WHEREFORE, pursuant to these statutes and in accordance with the procedures set forth

4    in 28 U.S.C. § 1446, Defendant removes the above-captioned action from the Superior Court of

5    the State of California in and for the County of San Diego to this Court.

6    Dated:  September 15, 2004                    MORGAN, LEWIS & BOCKIUS LLP

7

8                                                 By: _____

9                                                      Barbara I. Antonucci

10                                                   Attorneys for Defendant
                                                    A.G. EDWARDS & SONS, INC.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Exhibits to Notice of Removal**

Exhibit 1        Class Action Complaint and Summons

Exhibit 2:       Civil Case Cover Sheet, Notice of Case Assignment, Stipulation to Use of Alternative Dispute Resolution Process and Notice to Litigants/ADR Information Package

Exhibit 3        Answer of Defendant A.G. Edwards & Sons, Inc. to Plaintiff's Unverified Complaint

# SUMMONS
## (CITACION JUDICIAL)

**SUM-100**

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

AUG 17 2004

3:40

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
A.G. EDWARDS & SONS, INC., and DOES 1 through 50,
inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
DREW TAKACS, individually, and on behalf of all
others similarly situated

---

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff.  A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case.  There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you.  If you cannot pay the filing fee, ask the court clerk for a fee waiver form.  If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

---

| The name and address of the court is: *(El nombre y dirección de la corte es):* SAN DIEGO COUNTY SUPERIOR COURT 330 W. Broadway | CASE NUMBER: *(Número del Caso):* **GIC 832185** |
|---|---|

San Diego, CA 92101
Hall of Justice

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

James F. Clapp (145814)                    858-623-4200    858-623-4299
DOSTART CLAPP & COVENEY, LLP
4370 La Jolla Village Drive, Suite 970
San Diego, CA 92122

| DATE: **JUN 3 0 2004** *(Fecha)* | Clerk, by **R. Portillo** *(Secretario)* | , Deputy *(Adjunto)* |
|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☑ on behalf of *(specify):* A.G. Edwards & Sons, Inc.

   under: ☑ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]

**SUMMONS**

Legal
Solutions
Plus

Code of Civil Procedure §§ 412.20, 465

FILED
ʻ ·····SS OFFICE 13
ʻ ····IGN

2004 JUN 30 P 4: 28

CLER·· ····· ··· ·· ··RT
SAʻ· ·· ·· ·· ·· ··

1 | JAMES F. CLAPP (145814)
   | J. KIRK DONNELLY (179401)
2 | MARITA MURPHY LAUINGER (199242)
   | DOSTART CLAPP & COVENEY, LLP
3 | 4370 La Jolla Village Dr. Ste. 970
   | San Diego, CA 92122
4 | Tel. (858) 623-4200
   | Fax. (858) 623-4299
5 |
6 | Attorneys for Plaintiff
7 |
8 | SUPERIOR COURT OF THE STATE OF CALIFORNIA
9 | IN AND FOR THE COUNTY OF SAN DIEGO
10 |

| | |
|---|---|
| DREW TAKACS, individually, and on behalf of all others similarly situated, | CASE NO. 832185 GIC |
| Plaintiff | CLASS ACTION COMPLAINT FOR: |
| vs. | 1. Restitution of Overtime Wages (B&P 17200) |
| | 2. Restitution of Overtime Wages (B&P 17200) |
| A.G. EDWARDS & SONS, INC., and DOES 1 through 50, inclusive, | 3. Restitution of Wage Deductions (B&P 17200) |
| | 4. Labor Code Penalties (Lab. Code 2699) |
| Defendants. | 5. Waiting Time Penalties (Lab. Code 203) |
| | 6. Rest and Meal Breaks (Lab. Code 226.7) |

## GENERAL ALLEGATIONS

1.      Plaintiff DREW TAKACS is an individual residing in the State of California.

2.      Defendant A.G. EDWARDS & SONS, INC. is an entity of unknown form and origin doing business in this judicial district.

3.      Plaintiff is unaware of the names and capacities of those defendants sued as DOES 1 through 50 but will amend this complaint when that information becomes known. Plaintiff is informed and believes and thereon alleges that, at all relevant times, each of the defendants, including the DOE defendants, was the officer, director, employee, agent, representative, alter ego, or co-conspirator of each of the other defendants, and in engaging in the conduct alleged herein, was acting in the course and scope of, and in furtherance of, such relationship. Unless otherwise specified, plaintiff will refer to all defendants collectively as "defendant," and each allegation pertains to each defendant.

1

Class Action Complaint

1    4.    Venue is proper in this judicial district because the complained of conduct

2  occurred in this judicial district.

3                              CLASS ACTION ALLEGATIONS

4    5.    <u>Class Definition.</u>  Plaintiff worked for as a securities broker. Plaintiff seeks to

5  bring this lawsuit as a class action pursuant to Code of Civil Procedure section 382. The class that

6  plaintiff seeks to represent is defined as follows: "All individuals who were employed by defendant as

7  securities brokers or broker trainees in the State of California at any time during the period commencing

8  on the date that is four years preceding the filing of the original complaint through the present date (the

9  'Class Period')." Plaintiff further seeks to subdivide the class into the following subclasses:

10    A.    "Subclass A" consists of all class members who were paid on a

11  commission-only basis and, during the Class Period, worked more than 40 hours in a week, but did not

12  receive overtime pay.

13    B.    "Subclass B" consists of all class members were paid by salary (including

14  salary plus commission or salary plus bonus) and, during the Class Period, worked more than 40 hours

15  in a week or 8 hours in a day, but did not receive overtime pay.

16    C.    "Subclass C" consists of all class members who, during the Class Period,

17  were subject to at least one deduction from commissions or other wages, which deduction was not the

18  result of a dishonest, willful, or grossly negligent act by the employee.

19    D.    "Subclass D" consists of all members of Subclass A, Subclass B, and/or

20  Subclass C who, as of the date this lawsuit was filed, were no longer employed by defendant.

21    6.    <u>Ascertainable Class.</u>  The proposed class and each subclass are ascertainable in

22  that their members can be identified and located using information contained in defendant's payroll and

23  personnel records.

24    7.    <u>Common Questions of Fact or Law.</u>  This lawsuit is suitable for class treatment

25  because common questions of fact and law predominate over individual issues.  Common questions

26  include, but are not limited to, the following: (1) whether the class members qualify for exempt status

27  under the inside salesperson exemption; (2) whether the class members qualify for exempt status under

28  the administrative exemption; (3) whether defendant's business qualifies as a "retail or service

2

1  establishment"; (4) the extent to which defendant analyzed the duties and responsibilities of the class

2  members before classifying them as exempt; (5) the number of hours per week and per day class

3  members are expected to work; (6) defendant's expectations as to the duties and responsibilities of the

4  class members, and whether these expectations are reasonable under the circumstances; (7) defendant's

5  policies and procedures for deducting from the commissions or other wages of class members; (8)

6  whether defendant's withholding of overtime pay and deduction from wages was willful under the

7  meaning of Labor Code section 203; and (9) whether the class members are entitled to civil penalties

8  under Labor Code sections 2699.

9          8.    Numerosity.   The plaintiff class is so numerous that the individual joinder of all

10  members is impractical under the circumstances of this case.  While the exact number of class members

11  is unknown to plaintiff at this time, plaintiff is informed and believes that the entire class consists of well

12  over 300 members, and each subclass consists of at least 100 members.

13          9.    Typicality and Adequacy.  Plaintiff's claims are typical of the claims of the class

14  members.  Plaintiff suffered a similar injury as the other class members as a result of defendant's

15  common practices regarding the payment of wages.  In addition, plaintiff will fairly and adequately

16  protect the interests of the members of the class.  Plaintiff has no interests that are adverse to the interests

17  of the other class members.

18          10.   Superiority.  A class action is superior to other available means for the fair and

19  efficient adjudication of this controversy since individual joinder of all members of the class is

20  impractical.  Class action treatment will permit a large number of similarly situated persons to prosecute

21  their common claims in a single forum simultaneously, efficiently, and without the unnecessary

22  duplication of effort and expense that numerous individual actions would engender.  Furthermore, as the

23  damages suffered by each individual member of the class may be relatively small, the expenses and

24  burden of individual litigation would make it difficult or impossible for individual members of the class

25  to redress the wrongs done to them, while an important public interest will be served by addressing the

26  matter as a class action.  The cost to the court system of adjudication of such individualized litigation

27  would be substantial.  Individualized litigation would also present the potential for inconsistent or

28  contradictory judgments.  Finally, the alternative of filing a claim with the California Labor

1  Commissioner is not superior, given the lack of discovery in such proceedings, the fact that there are

2  fewer available remedies, and the losing party has the right to a trial de novo in the Superior Court.

3                          <u>FIRST CAUSE OF ACTION</u>

4                  (Restitution of Overtime Wages – On Behalf of Subclass A)

5          11.     Plaintiff incorporates the allegations contained in paragraphs 1 through 10.

6          12.     The Fair Labor Standards Act, 29 U.S.C. § 207(a)(1) ("FLSA"), states that an

7  employee must be paid overtime, equal to 1.5 times the employee's regular rate of pay, for all hours

8  worked in excess of 40 per week. Subclass A members regularly work more than 40 hours per week,

9  but are not paid overtime. Subclass A members are not "exempt" under the FLSA, because, *inter alia*,

10 they are not paid on a salary basis, and defendant's business does not qualify as a "retail or service

11 establishment" under 29 U.S.C. section 207(i) and 29 C.F.R. sections 779.316 and 779.317.

12         13.     Defendant has committed an act of unfair competition by not paying the required

13 overtime pay to the members of Subclass A.

14         14.     Pursuant to Bus. & Prof. Code section 17203, plaintiff requests an order requiring

15 defendant to make restitution of all overtime wages due to Subclass A, in an amount to be proved at trial.

16                        <u>SECOND CAUSE OF ACTION</u>

17                 (Restitution of Overtime Wages – On Behalf of Subclass B)

18         15.     Plaintiff incorporates the allegations contained in paragraphs 1 through 14.

19         16.     Wage Order 4-2001, 8 C.C.R. section 11040, states that an employee must be paid

20 overtime, equal to 1.5 times the employee's regular rate of pay, for all hours worked in excess of 40 per

21 week or 8 per day. Subclass B members regularly work more than 40 hours per week and/or 8 per day,

22 but are not paid overtime. Subclass B members are not exempt because, *inter alia*, they are production

23 workers, they do not spend a majority of their time on exempt tasks, and they do not customarily and

24 regularly exercise discretion and independent judgment in matters of consequence to defendant's

25 business.

26         17.     Defendant has committed an act of unfair competition by not paying the required

27 overtime pay to the members of Subclass B.

28 /////

                                    4

1        18.     Pursuant to Bus. & Prof. Code section 17203, plaintiff requests an order requiring

2  defendant to make restitution of all overtime wages due to Subclass B, in an amount to be proved at trial.

3  <u>THIRD CAUSE OF ACTION</u>

4        (Restitution of Wage Deductions – On Behalf of Subclass C)

5        19.     Plaintiff incorporates the allegations contained in paragraphs 1 through 18.

6        20.     Labor Code sections 221, 400-410, and 2802, as well as various California

7  Supreme Court and appellate court decisions, generally state that an employer may not deduct from or

8  reduce an employee's wages for the purpose of shifting the employer's ordinary cost of doing business

9  to the employee.

10       21.     Defendant has subjected the members of Subclass C to illegal deductions from

11  wages, which deductions were not the result of dishonest, willful, or grossly negligent acts by those

12  employees, but instead were ordinary costs of doing business.

13       22.     Defendant has committed an act of unfair competition by illegally deducting from

14  the wages of Subclass C.

15       23.     Pursuant to Bus. & Prof. Code section 17203, plaintiff requests an order requiring

16  defendant to make restitution of all unpaid wages due to Subclass C, in an amount to be proved at trial.

17  <u>FOURTH CAUSE OF ACTION</u>

18        (Labor Code Penalties – By and On Behalf of All Subclasses)

19       24.     Plaintiff incorporates the allegations contained in paragraphs 1 through 23.

20       25.     Plaintiff is an "aggrieved employee" and seeks to recover penalties on behalf of

21  the members of Subclasses A, B, and C pursuant to the "Labor Code Private Attorneys General Act of

22  2004," Labor Code section 2698-99.

23       26.     Plaintiff seeks recovery of the following penalties:

24       A.     Labor Code section 203 penalties, because defendant has failed to pay the

25  members of Subclass D all wages they were due under the deadlines set forth in Labor Code sections

26  201 and 202;

27  /////

28  /////

5

Class Action Complaint

## PRAYER

WHEREFORE, plaintiff prays for judgment against each defendant, jointly and severally, as follows:

 1.    For compensatory damages according to proof;

 2.    For an order requiring defendant to make restitution of all wages, including overtime wages, that were illegally withheld;

 3.    For interest according to proof;

 4.    For penalties as alleged herein;

 5.    For reasonable attorney's fees; and

 6.    For such other relief that the Court deems just and proper.

Dated: _6/3•/04_

DOSTART CLAPP & COVENEY, LLP

JAMES F. CLAPP
Attorney for Plaintiff

7

Class Action Complaint



CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, state bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| James F. Clapp (145814)<br>DOSTART CLAPP & COVENEY, LLP<br>4370 La Jolla Village Drive, Suite 970<br>San Diego, CA 92122<br>TELEPHONE NO.: 858-623-4200    FAX NO.: 858-623-4299<br>ATTORNEY FOR *(Name)*: Plaintiff DREW TAKACS | FILED<br>CLERKS OFFICE 13<br><br>2004 JUN 30  P 4: 28<br><br>CLERK<br>SAN DIEGO COUNTY COURT |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO**
- [ ] HALL OF JUSTICE, 330 W. BROADWAY, SAN DIEGO, CA 92101-3827
- [•] NORTH COUNTY DIVISION, 325 S. MELROSE DR., VISTA, CA 92081-6643
- [ ] EAST COUNTY DIVISION, 250 E. MAIN ST., EL CAJON, CA 92020-3941
- [ ] RAMONA BRANCH, 1428 MONTECITO RD., RAMONA, CA 92065-5200
- [ ] SOUTH COUNTY DIVISION, 500 3RD AVE., CHULA VISTA, CA 91910-5649

CASE NAME: Takacs v. A.G. Edwards

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER GIC 832185 |
|---|---|---|
| [X] Unlimited  [ ] Limited<br>(Amount demanded  (Amount demanded<br>exceeds $25,000)  is $25,000 or less) | [ ] Counter   [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 1811) | JUDGE:<br>DEPT.: |

*All five (5) items below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
- [ ] Auto (22)
- [ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- [ ] Asbestos (04)
- [ ] Product liability (24)
- [ ] Medical malpractice (45)
- [ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- [ ] Business tort/unfair business practice (07)
- [ ] Civil rights (08)
- [ ] Defamation (13)
- [ ] Fraud (16)
- [ ] Intellectual property (19)
- [ ] Professional negligence (25)
- [ ] Other non-PI/PD/WD tort (35)

**Employment**
- [ ] Wrongful termination (36)
- [X] Other employment (15)

**Contract**
- [ ] Breach of contract/warranty (06)
- [ ] Collections (09)
- [ ] Insurance coverage (18)
- [ ] Other contract (37)

**Real Property**
- [ ] Eminent domain/Inverse condemnation (14)
- [ ] Wrongful eviction (33)
- [ ] Other real property (26)

**Unlawful Detainer**
- [ ] Commercial (31)
- [ ] Residential (32)
- [ ] Drugs (38)

**Judicial Review**
- [ ] Asset forfeiture (05)
- [ ] Petition re: arbitration award (11)
- [ ] Writ of mandate (02)

- [ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 1800-1812)**
- [ ] Antitrust/Trade regulation (03)
- [ ] Construction defect (10)
- [ ] Mass tort (40)
- [ ] Securities litigation (28)
- [ ] Environmental / Toxic tort (30)
- [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- [ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- [ ] RICO (27)
- [ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
- [ ] Partnership and corporate governance (21)
- [ ] Other petition *(not specified above)* (43)

2. This case [X] is  [ ] is not   complex under rule 1800 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties   d. [X] Large number of witnesses
   b. [X] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve   e. [ ] Coordination with related actions pending in one or more courts in other counties, states or countries, or in a federal court
   c. [X] Substantial amount of documentary evidence   f. [ ] Substantial post-judgment judicial supervision

3. Type of remedies sought *(check all that apply)*:
   a. [X] monetary   b. [X] nonmonetary; declaratory or injunctive relief   c. [ ] punitive

4. Number of causes of action *(specify)*: six (6)

5. This case [X] is  [ ] is not   a class action suit.

Date: 6/30/2004

James F. Clapp
(TYPE OR PRINT NAME)                                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate, Family, or Welfare and Institutions Code). (Cal. Rules of Court, rule 201.8.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 1800 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2003] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 201.8, 1800-1812;<br>Standards of Judicial Administration, § 19<br>SD-CV51 |



## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers**

If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must check all five items on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the primary cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. You do not need to submit a cover sheet with amended papers. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 201.8(c) and 227 of the California Rules of Court.

**To Parties in Complex Cases**

In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 1800 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
- Auto (22)-Personal Injury/Property Damage/Wrongful Death
- Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
- Asbestos (04)
  - Asbestos Property Damage
  - Asbestos Personal Injury/ Wrongful Death
- Product Liability *(not asbestos or toxic/environmental)* (24)
- Medical Malpractice (45)
  - Medical Malpractice- Physicians & Surgeons
  - Other Professional Health Care Malpractice
- Other PI/PD/WD (23)
  - Premises Liability (e.g., slip and fall)
  - Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  - Intentional Infliction of Emotional Distress
  - Negligent Infliction of Emotional Distress
  - Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
- Business Tort/Unfair Business Practice (07)
- Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)*(08)
- Defamation (e.g., slander, libel) (13)
- Fraud (16)
- Intellectual Property (19)
- Professional Negligence (25)
  - Legal Malpractice
  - Other Professional Malpractice *(not medical or legal)*
- Other Non-PI/PD/WD Tort (35)

**Employment**
- Wrongful Termination (36)
- Other Employment (15)

**Contract**
- Breach of Contract/Warranty (06)
  - Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
  - Contract/Warranty Breach-Seller Plaintiff *(not fraud or negligence)*
  - Negligent Breach of Contract/ Warranty
  - Other Breach of Contract/Warranty
- Collections (e.g., money owed, open book accounts) (09)
  - Collection Case-Seller Plaintiff
  - Other Promissory Note/Collections Case
- Insurance Coverage *(not provisionally complex)* (18)
  - Auto Subrogation
  - Other Coverage
- Other Contract (37)
  - Contractual Fraud
  - Other Contract Dispute

**Real Property**
- Eminent Domain/Inverse Condemnation (14)
- Wrongful Eviction (33)
- Other Real Property (e.g., quiet title) (26)
  - Writ of Possession of Real Property
  - Mortgage Foreclosure
  - Quiet Title
  - Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
- Commercial (31)
- Residential (32)
- Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential.)*

**Judicial Review**
- Asset Forfeiture (05)
- Petition Re: Arbitration Award (11)
- Writ of Mandate (02)
  - Writ-Administrative Mandamus
  - Writ-Mandamus on Limited Court Case Matter
  - Writ-Other Limited Court Case Review
- Other Judicial Review (39)
  - Review of Health Officer Order
  - Notice of Appeal-Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rule 1800-1812)**
- Antitrust/Trade Regulation (03)
- Construction Defect (10)
- Claims Involving Mass Tort (40)
- Securities Litigation (28)
- Toxic Tort/Environmental (30)
- Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
- Enforcement of Judgment (20)
  - Abstract of Judgment (Out of County)
  - Confession of Judgment *(non-domestic relations)*
  - Sister State Judgment
  - Administrative Agency Award *(not unpaid taxes)*
  - Petition/Certification of Entry of Judgment on Unpaid Tax
  - Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
- RICO (27)
- Other Complaint *(not specified above)* (42)
  - Declaratory Relief Only
  - Injunctive Relief Only *(non-harassment)*
  - Mechanics Lien
  - Other Commercial Complaint Case *(non-tort/non-complex)*
  - Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
- Partnership and Corporate Governance (21)
- Other Petition *(not specified above)* (43)
  - Civil Harassment
  - Workplace Violence
  - Elder/Dependent Adult Abuse
  - Election Contest
  - Petition for Name Change
  - Petition for Relief from Late Claim
  - Other Civil Petition

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO

INDEPENDENT CALENDAR CLERK
330 W. Broadway
San Diego, CA 92101

**TO:**

JAMES F. CLAPP
DOSTART CLAPP & COVENEY LLP
4370 LA JOLLA VILLAGE DR STE 970
SAN DIEGO, CA  92122

---

| | | |
|---|---|---|
| DREW TAKACS | **Case No.:** | GIC832185 |
| Plaintiff(s) | | |
| vs. | **NOTICE OF CASE ASSIGNMENT** | |
| A G EDWARDS & SONS INC | **Judge:** RONALD S. PRAGER | |
| Defendant(s) | **Department:** 71 | |
| | **Phone:** 619-685-6127 | |

**COMPLAINT FILED**  06/30/04

IT IS THE DUTY OF EACH PLAINTIFF (AND CROSS-COMPLAINANT) TO SERVE A COPY OF THIS NOTICE WITH THE COMPLAINT (AND CROSS-COMPLAINT).

ALL COUNSEL WILL BE EXPECTED TO BE FAMILIAR WITH SUPERIOR COURT RULES WHICH HAVE BEEN PUBLISHED AS DIVISION II, AND WILL BE STRICTLY ENFORCED.

**TIME STANDARDS:** The following timeframes apply to general civil cases and must be adhered to unless you have requested and been granted an extension of time. General civil consists of all cases except: Small claims appeals, petitions, and unlawful detainers.

**COMPLAINTS:** Complaints must be served on all named defendants, and a CERTIFICATE OF SERVICE (SDSC CIV-345) filed within 60 days of filing. This is a mandatory document and may not be substituted by the filing of any other document. (Rule 2.5)

**DEFENDANT'S APPEARANCE:** Defendant must generally appear within 30 days of service of the complaint. (Plaintiff may stipulate to no more than a 15 day extension which must be in writing and filed with the Court.) (Rule 2.6)

**DEFAULT:** If the defendant has not generally appeared and no extension has been granted, the plaintiff must request default within 45 days of the filing of the Certificate of Service. (Rule 2.7)

THE COURT ENCOURAGES YOU TO CONSIDER UTILIZING VARIOUS ALTERNATIVES TO LITIGATION, INCLUDING MEDIATION AND ARBITRATION, PRIOR TO THE CASE MANAGEMENT CONFERENCE. MEDIATION SERVICES ARE AVAILABLE UNDER THE DISPUTE RESOLUTION PROGRAMS ACT AND OTHER PROVIDERS. SEE ADR INFORMATION PACKET AND STIPULATION.

YOU MAY ALSO BE ORDERED TO PARTICIPATE IN ARBITRATION PURSUANT TO CCP 1141.10 AT THE CASE MANAGEMENT CONFERENCE. THE FEE FOR THESE SERVICES WILL BE PAID BY THE COURT IF ALL PARTIES HAVE APPEARED IN THE CASE AND THE COURT ORDERS THE CASE TO TO ARBITRATION PURSUANT TO CCP 1141.10. THE CASE MANAGEMENT CONFERENCE WILL BE CANCELLED IF YOU FILE FORM SDSC CIV-359 PRIOR TO THAT HEARING.

ALSO SEE THE ATTACHED NOTICE TO LITIGANTS.

### CERTIFICATE OF SERVICE

I certify that I am not a party to the above-entitled case; on the date shown below, I served this notice on the parties shown by personally handing it to the attorney or their personal representative at      SAN DIEGO California.

DATED: 06/30/04                        BY: CLERK OF THE SUPERIOR COURT

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO

INDEPENDENT CALENDAR CLERK
330 W. Broadway
San Diego, CA 92101

TO:

| | |
|---|---|
| DREW TAKACS<br><br>Plaintiff(s)<br><br>vs.<br><br>A G EDWARDS & SONS INC<br><br>Defendant(s) | **Case No.:**  GIC832185<br><br>**STIPULATION TO USE OF ALTERNATIVE DISPUTE RESOLUTION PROCESS**<br>(CRC 1590.1)<br><br>Judge:  RONALD S. PRAGER<br>Department:  71 |

The parties and their attorneys stipulate that the matter is at issue and the claims in this action shall be submitted to the following alternative dispute resolution process. Selection of any of these options will not delay any case management time-lines.

☐ Court-Referred Mediation Program
☐ Private Neutral Evaluation
☐ Private Mini-Trial
☐ Private Summary Jury Trial
☐ Private Settlement Conference With Private Neutral
☐ Other (specify):

☐ Court-Ordered Nonbinding Arbitration (Cases valued at $50,000 or less)
☐ Court-Ordered Binding Arbitration (Stipulated)
☐ Private Reference to General Referee
☐ Private Reference to Judge
☐ Private Binding Arbitration

It is also stipulated that the following shall serve as arbitrator, mediator or other neutral: (Name) _____

_____

Alternate: (mediation & arbitration only) _____

Date: _____                     Date: _____

Name of Plaintiff                          Name of Defendant

Signature                                  Signature

Name of Plaintiff's Attorney               Name of Defendant's Attorney

Signature                                  Signature

(Attach another sheet if additional names are necessary). It is the duty of the parties to notify the court of any settlement pursuant to California Rules of Court, Rule 225. Upon notification of the settlement the court will place this matter on a 45-day dismissal calendar.

No new parties may be added without leave of court and all unserved, non-appearing or actions by named parties are dismissed.

IT IS SO ORDERED.

Dated: _____

_____
JUDGE OF THE SUPERIOR COURT

SDSC CIV-359(Rev. 8-03)    ADR-STIPULATION TO USE OF ALTERNATIVE DISPUTE RESOLUTION PROCESS

## NOTICE TO LITIGANTS/ADR INFORMATION PACKAGE

You are required to serve a copy of this Notice to Litigants/ADR Information Package and a copy of the blank Stipulation to Use of Alternate Dispute Resolution Process (received from the Civil Business Office at the time of filing) with a copy of the Summons and Complaint on all defendants in accordance with San Diego Superior Court Rule 2.5, Division II and CRC Rule 201.9.

## ADR POLICY

It is the policy of the San Diego Superior Court to strongly support the use of Alternative Dispute Resolution ("ADR") in all general civil cases. The court has long recognized the value of early case management intervention and the use of alternative dispute resolution options for amenable and eligible cases. The use of ADR will be discussed at all Case Management Conferences. It is the court's expectation that litigants will utilize some form of ADR – i.e. the court's mediation or arbitration programs or other available private ADR options as a mechanism for case settlement before trial.

## ADR OPTIONS

**1) CIVIL MEDIATION PROGRAM:** The San Diego Superior Court has established a Civil Mediation Program to replace the Mediation Pilot Program established by Code of Civil procedure sections 1730 et seq. The Civil Mediation Program, in effect for cases filed on or after May 1, 2003 or upon stipulation, is designed to assist parties with the early resolution of their dispute. All general civil independent calendar cases, including construction defect, complex and eminent domain cases are eligible to participate in the program. Limited civil collection cases are not eligible at this time. San Diego Superior Court Local Rule 2.31, Division II addresses this program specifically. Mediation is a non-binding process in which a trained mediator 1) facilitates communication between disputants, and 2) assists parties in reaching a mutually acceptable resolution of all or part of their dispute. In this process, the mediator carefully explores not only the relevant evidence and law, but also the parties' underlying interests, needs and priorities. The mediator is not the decision-maker and will not resolve the dispute -- the parties do. Mediation is a flexible, informal and confidential process that is less stressful than a formalized trial. It can also save time and money, allow for greater client participation and allow for more flexibility in creating a resolution.

**Assignment to Mediation, Cost and Timelines:** Parties may stipulate to mediation at any time up to the CMC or may stipulate to mediation at the CMC. Mediator fees and expenses are split equally by the parties, unless otherwise agreed. Mediators on the court's approved panel have agreed to the court's payment schedule for court-referred mediation: $150.00 per hour for each of the first two hours and their individual rate per hour thereafter. Parties may select any mediator, however, the court maintains a panel of court-approved mediators who have satisfied panel requirements and who must adhere to ethical standards. All court-approved mediator fees and other policies are listed in the Mediator Directory at each court location to assist parties with selection. **Discovery:** Parties do not need to conduct full discovery in the case before mediation is considered, utilized or referred. **Attendance at Mediation:** Trial counsel, parties and all persons with full authority to settle the case must personally attend the mediation, unless excused by the court for good cause.

**2) JUDICIAL ARBITRATION:** Judicial Arbitration is a binding or non-binding process where an arbitrator applies the law to the facts of the case and issues an award. The goal of judicial arbitration is to provide parties with an adjudication that is earlier, faster, less formal and less expensive than trial. The arbitrator's award may either become the judgment in the case if all parties accept or if no trial de novo is requested within the required time. Either party may reject the award and request a trial de novo before the assigned judge if the arbitration was non-binding. If a trial de novo is requested, the trial will usually be scheduled within a year of the filing date.

**Assignment to Arbitration, Cost and Timelines:** Parties may stipulate to binding or non-binding judicial arbitration or the judge may order the matter to arbitration at the case management conference, held approximately 150 days after filing, if a case is valued at under $50,000 and is "at issue". The court maintains a panel of approved judicial arbitrators who have practiced law for a minimum of five years and who have a certain amount of trial and/or arbitration experience. In addition, if parties select an arbitrator from the court's panel, the court will pay the arbitrator's fees. Superior Court Local Rules Division II Chapter III and Code of Civil Procedure 1141 et seq. address this program specifically.

**3) SETTLEMENT CONFERENCES**: The goal of a settlement conference is to assist the parties in their efforts to negotiate a settlement of all or part of the dispute. Parties may, at any time, request a settlement conference before the judge assigned to their case; request another assigned judge or a pro tem to act as settlement officer; or may privately utilize the services of a retired judge. The court may also order a case to a mandatory settlement conference prior to trial before the court's assigned Settlement Conference judge.

**4) OTHER VOLUNTARY ADR**: Parties may voluntarily stipulate to private ADR options outside the court system including private binding arbitration, private early neutral evaluation or private judging at any time by completing the "Stipulation to Use Alternative Dispute Resolution Process" which is included in this ADR Package. Parties may also utilize mediation services offered by programs that are partially funded by the county's Dispute Resolution Programs Act. These services are available at no cost or on a sliding scale based on need. For a list of approved DRPA providers, please contact the County's DRPA program office at (619) 338-2797.

**ADDITIONAL ADR INFORMATION:** For more information about the Civil Mediation Program, please contact the Civil Mediation Office at 619-515-8908. For more information about the Judicial Arbitration Program, please contact the Arbitration Office at 619-531-3818. For more information about Settlement Conferences, please contact the Independent Calendar department to which your case is assigned or the court's Settlement Conference department at 619-531-3001. Please note that staff can only discuss ADR options and cannot give legal advice.

BLUEBIRD
OFFICE SUPPLIES
(888) 477-0700
www.bluebirdoffice.com

1   JOHN S. BATTENFELD, State Bar No. 119513
2   MORGAN, LEWIS & BOCKIUS LLP
    300 South Grand Avenue
3   Twenty-Second Floor
    Los Angeles, CA 90071-3132
4   Tel: 213.612.2500
    Fax: 213.612.2501
5

6   REBECCA D. EISEN, State Bar No. 96129
    BARBARA I. ANTONUCCI, State Bar No. 209039
7   MORGAN, LEWIS & BOCKIUS LLP
    One Market, Spear Street Tower
8   San Francisco, CA 94105-1126
    Tel: 415.442.1000
9   Fax: 415.442.1001

10  Attorneys for Defendant
11  A.G. EDWARDS & SONS, INC.

12          **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

13              **IN AND FOR THE COUNTY OF SAN DIEGO**

14

15  DREW TAKACS, individually and on          Case No. GIC 832185
    behalf of all others similarly situated,
16                                            **ANSWER OF DEFENDANT A.G.**
                    Plaintiff,                **EDWARDS & SONS, INC. TO**
17                                            **PLAINTIFF'S UNVERIFIED COMPLAINT**
            vs.
18
    A.G. EDWARDS & SONS, INC., and
19  DOES 1 through 50, inclusive,

20                  Defendants.

21

22          Defendant A.G. Edwards & Sons, Inc. ("Defendant") hereby answers and responds to

23  Plaintiffs' Complaint as follows:

24          Pursuant to California Code of Civil Procedure §431.30(d), Defendant denies generally

25  each and every allegation contained in Plaintiff's Complaint, and denies further that Plaintiff has

26  been injured in the amount or manner alleged or in any other manner whatsoever.

27          WHEREFORE, Defendant asserts the following affirmative defenses and prays for

28  judgment as set forth below.

    1-SF/7140467.1                         1

### FIRST AFFIRMATIVE DEFENSE
#### (Failure to State a Cause of Action)

1. As a separate affirmative defense to the Complaint and to every cause of action alleged therein, Defendant alleges that the Complaint fails to state facts sufficient to constitute a cause of action against it.

### SECOND AFFIRMATIVE DEFENSE
#### (Not Appropriate For Class Action)

2. As a separate affirmative defense to the Complaint and to every cause of action alleged therein, Defendant alleges that the Complaint fails to satisfy any of the prerequisites for class certification.

### THIRD AFFIRMATIVE DEFENSE
#### (Due Process/Class Certification)

3. As a separate affirmative defense to the Complaint and to every cause of action alleged therein, Defendant alleges that certification of a class would constitute a denial of its due process rights in violation of the Fourteenth Amendment and the California Constitution.

### FOURTH AFFIRMATIVE DEFENSE
#### (Statutes of Limitations)

4. As a separate affirmative defense to the Complaint and to every cause of action alleged therein, Defendant alleges that Plaintiff's claims, and the claims of each putative member of each purported subclass defined in the Complaint, are barred in whole or in part by the applicable statutes of limitations, including, but not limited to, the California Code of Civil Procedure sections 338 and 340, California Business and Professions Code section 17208, and 29 U.S.C. §255(a).

### FIFTH AFFIRMATIVE DEFENSE
#### (Estoppel)

5. As a separate affirmative defense to the Complaint and to every cause of action alleged therein, Defendant alleges that Plaintiff's Complaint is barred in whole or in part by the doctrine of estoppel.

## SIXTH AFFIRMATIVE DEFENSE
### (Waiver)

6.    As a separate affirmative defense to the Complaint and to every cause of action alleged therein, Defendant alleges that Plaintiff's claims, and the claims of each putative member of each purported subclass defined in the Complaint, or some of them, are barred in whole or in part because such claims have been waived, discharged and/or abandoned.

## SEVENTH AFFIRMATIVE DEFENSE
### (Accord And Satisfaction, Payment)

7.    As a separate affirmative defense to the Complaint and to every cause of action alleged therein, Defendant alleges that Plaintiff's claims, and the claims of each putative member of each purported subclass defined in the Complaint, or some of them, are barred in whole or in part by the principles of accord and satisfaction, and payment.

## EIGHTH AFFIRMATIVE DEFENSE
### (Release)

8.    As a separate affirmative defense to the Complaint and to every cause of action alleged therein, Defendant alleges that Plaintiff's claims, and the claims of each putative member of each purported subclass defined in the Complaint, or some of them, are barred in whole or in part because said claims have been released by the employee(s) in question.

## NINTH AFFIRMATIVE DEFENSE
### (Failure To Exhaust Internal and Administrative Remedies)

9.    As a separate affirmative defense to the Complaint and to every cause of action alleged therein, Defendant alleges that Plaintiff's statutory claims, and the claims of each putative member of each purported subclass defined in the Complaint, are barred to the extent they failed to exhaust their internal and/or administrative remedies.

## TENTH AFFIRMATIVE DEFENSE
### (Laches)

10.    As a separate affirmative defense to the Complaint and to every cause of action alleged therein, Defendant alleges that Plaintiff's Complaint is barred in whole or in part by the doctrine of laches.

1-SF/7140467.1                                3

### ELEVENTH AFFIRMATIVE DEFENSE
#### (Unclean Hands)

11.    As a separate affirmative defense to the Complaint and to every cause of action alleged therein, Plaintiff's claims, and the claims of the putative members of the purported class, are barred in whole or in part by their unclean hands and/or inequitable or wrongful conduct.

### TWELFTH AFFIRMATIVE DEFENSE
#### (Arbitration)

12.    As a separate affirmative defense to the Complaint and to every cause of action alleged therein, Defendant alleges that Plaintiff's claims, and the claims of each putative member of each purported subclass defined in the Complaint, may not be litigated in court because those claims are subject to mandatory, final, and binding arbitration.

### THIRTEENTH AFFIRMATIVE DEFENSE
#### (Invalid Regulations)

13.    As a separate affirmative defense to the Complaint and to every cause of action alleged therein, Defendant alleges that the regulations and/or administrative interpretations, which form the basis of some or all of Plaintiff's claims (brought on behalf of himself and the putative members of each purported subclass defined in the Complaint), including, without limitation, 29 C.F.R. §§ 779.316 and 779.317, are invalid.

### FOURTEENTH AFFIRMATIVE DEFENSE
#### (Preemption)

14.    As a separate affirmative defense to the Complaint and to the first cause of action, brought on behalf of himself and the putative members of purported subclass A defined in the Complaint, the second cause of action is pre-empted by the federal Fair Labor Standards Act ("FLSA") in that the application of California law to an alleged violation of the FLSA would impermissibly frustrate and undermine the remedial framework adopted by Congress for alleged violations of the FLSA.  Specifically, inter alia, (i) Congress has mandated an opt-in collective action procedure for claims under the FLSA, while Plaintiff seeks to litigate his first cause of action as an opt-out class action pursuant to the California Civil Procedure Code; and (ii) Congress has prescribed a two-year statute of limitations for violation of the FLSA, whereas Plaintiff seeks to apply a four-year statute of limitations

1   under the California Business and Professions Code §§ 17200 *et seq.*

## FIFTEENTH AFFIRMATIVE DEFENSE
### (Entitlement To Exemption From Overtime)

15.   As a separate affirmative defense to the Complaint and to the first and second causes of action alleged therein, Defendant alleges that, at all times mentioned in the Complaint, Plaintiff and each putative member of each purported subclass defined in the Complaint were not entitled to overtime pay because they were exempt from overtime compensation requirements by virtue of one or more of the exemptions contained in the applicable federal and California wage and hour laws, including, but not limited to, the "administrative" exemption, the "executive" exemption, the "professional" exemption, the exemption for commissioned employees, and the "outside sales" exemption.

## SIXTEENTH AFFIRMATIVE DEFENSE
### (Due Process/Unfair Business Practices)

16.   As a separate affirmative defense to the Complaint and to the first, second and third causes of action alleged therein, Defendant alleges that prosecution against it of a representative action in these circumstances, and on behalf of persons who are neither members of nor the general public, under Business and Professions Code Section 17200 would constitute a denial of its due process rights in violation of the Fourteenth Amendment to the United States Constitution and the California Constitution.

## SEVENTEENTH AFFIRMATIVE DEFENSE
### (Lack Of Standing)

17.   As a separate affirmative defense to the Complaint and to the first, second and third causes of action alleged therein, Defendant alleges that the named Plaintiff lacks standing to bring claims brought pursuant to California Business and Professions Code Section 17200 against Defendant.

## EIGHTEENTH AFFIRMATIVE DEFENSE
### (Authorized Deductions)

18.   As a separate affirmative defense to the Complaint and to the third cause of action,

1   brought on behalf of himself and the putative members of purported subclass C defined in the

2   Complaint, the third cause of action is barred in whole or in part because the alleged deductions

3   were authorized in writing or otherwise by the employee(s) in question and did not amount to a

4   rebate or deduction from the standard wage under a wage agreement or statute. *See* Cal. Lab.

5   Code § 224.

### NINETEENTH AFFIRMATIVE DEFENSE
#### (Adequate Remedy At Law)

8       19.     As a separate affirmative defense to the Complaint and to the first, second and

9   third causes of action alleged therein, the Defendant alleges that Plaintiff's causes of action and

10  those of the purported class brought pursuant to California Business and Professions Code

11  Section 17200, are barred in light of the fact that Plaintiff and the purported class have an

12  adequate remedy at law.

### TWENTIETH AFFIRMATIVE DEFENSE
#### (Failure to Exhaust Pre-Suit Administrative Requirements)

15      20.     As a separate affirmative defense to the Complaint and to the fourth cause of

16  action alleged therein, Plaintiff's fourth cause of action, brought on behalf of himself and the

17  putative members of some or all of the purported subclasses defined in the Complaint, is barred

18  because Plaintiff has failed to give timely and sufficient notice of the alleged statutory violations

19  to the California Labor and Workforce Development Agency and to Defendant, as required by

20  California Labor Code Section 2699, as amended by Senate Bill 1809.

### TWENTY-FIRST AFFIRMATIVE DEFENSE
#### (Unjust, Arbitrary and Oppressive, or Confiscatory Penalties)

23      21.     As a separate affirmative defense to the Complaint and to the fourth cause of

24  action alleged therein, Defendant alleges that Plaintiff (on his own behalf and/or on behalf of any

25  putative member of any of the purported subclasses defined in the Complaint) is not entitled to

26  recover any civil penalties pursuant to Plaintiff's fourth cause of action because, under the

27  circumstances of this case, any such recovery would be unjust, arbitrary and oppressive, or

28  confiscatory, within the meaning of California Labor Code Section 2699, as amended by Senate

Bill 1809.

### TWENTY-SECOND AFFIRMATIVE DEFENSE
#### (Excessive Fines)

22.     As a separate affirmative defense to the Complaint and to the fourth cause of action, Defendant alleges that to the extent Plaintiff's fourth cause of action, brought on behalf of himself and/or the putative members of some or all of the purported subclasses defined in the Complaint, is governed by the version of California Labor Code Section 2699 in effect prior to enactment of Senate Bill 1809, although Defendant specifically denies that it would be appropriate for the law to be applied in such a manner, an award of civil penalties under the circumstances of this case would constitute an excessive fine and otherwise would be in violation of Defendant's due process and other rights under the United States and California Constitutions.

### TWENTY-THIRD AFFIRMATIVE DEFENSE
#### (Conduct Reasonable and In Good Faith/Not Willful)

23.     As a separate affirmative defense to the Complaint and to the fifth cause of action alleged therein, Defendant contends that if Defendant is found to have failed to pay Plaintiff, and each putative member of each purported subclass defined in the Complaint, any amount due, which allegations Defendant denies, Defendant acted at all times on the basis of a good faith and reasonable belief that it had complied fully with California and federal wage and hour laws. Consequently, Defendant's conduct was not willful within the meaning of Section 203 of the California Labor Code and applicable federal laws.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE
#### (Waiting Time Penalties)

24.     As a separate affirmative defense to the Complaint and to the fifth cause of action alleged therein, Defendant alleges that the Complaint fails to state a claim for waiting time penalties under Labor Code Section 203 and applicable federal law, in that some of the members of the purported class did not resign or were not discharged prior to the filing of this action.

\\\

\\\

### TWENTY-FIFTH AFFIRMATIVE DEFENSE
#### (Failure to Mitigate Damages)

25.     As a separate affirmative defense to the Complaint and to every cause of action alleged therein, Plaintiff's monetary claims, and the claims of the putative members of the purported class, are barred in whole or in part because they have not appropriately nor adequately mitigated their alleged damages.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE
#### (Setoff and Recoupment)

26.     As a separate affirmative defense to the Complaint and to every cause of action alleged therein, Defendant alleges that if any damages have been sustained by Plaintiff, or by any putative members of any purported subclass defined in the Complaint, although such is not admitted hereby or herein and is specifically denied, Defendant is entitled under the equitable doctrine of setoff and recoupment to offset all obligations of the Plaintiff or putative class members owed to Defendant against any judgment that may be entered against Defendant.

WHEREFORE, the Defendant prays for judgment as follows:

1.     The Plaintiff takes nothing by the Complaint;

2.     That judgment be entered against Plaintiff and in favor of the Defendant;

3.     That Defendant be awarded attorneys' fees incurred herein;

4.     That Defendant be awarded costs of suit herein; and

5.     For such other and further relief as the Court deems just and proper.

Dated: September 15, 2004                    MORGAN, LEWIS & BOCKIUS LLP

By: _____
Barbara I. Antonucci

Attorneys for Defendant
A.G. EDWARDS & SONS, INC.

1

## PROOF OF SERVICE

2       I am a resident of the State of California and over the age of eighteen years, and not a party to the within action; my business address is One Market, Spear Street Tower, San

3  Francisco, CA  94105-1126.  On September 15, 2004, I served the within documents:

4       **ANSWER OF DEFENDANT A.G. EDWARDS & SONS, INC. TO PLAINTIFF'S UNVERIFIED COMPLAINT**

5

6    ☐   by transmitting via facsimile the document(s) listed above to the fax number(s) set forth below on this date before 5:00 p.m.

7    ☐   by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at San Francisco, California addressed as

8        set forth below.

9    ☐   by placing the document(s) listed above in a sealed Federal Express envelope and affixing a pre-paid air bill, and causing the envelope to be delivered to a Federal

10       Express agent for delivery.

11    ☒   by causing First Legal to personally deliver the document(s) listed above to the person(s) at the address(es) set forth below.

12

13  James F. Clapp                      Attorney for Plaintiff, DREW TAKACS
     J. Kirk Donnelly

14  Marita Murphy Lauinger
     Dostart Clapp & Coveney, LLP

15  4370 La Jolla Village Drive, Suite 970
     San Diego, CA 92122

16

17       I am readily familiar with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with the U.S. Postal Service on that same

18  day with postage thereon fully prepaid in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage

19  meter date is more than one day after date of deposit for mailing in affidavit.

20       Executed on September 15, 2004, at San Francisco, California.

21       I declare under penalty of perjury, under the laws of the State of California and the United States of America, that the foregoing is true and correct.

22

23

24                              Melissa M. Estus

25

26

27

28

1-SF/7153594.1

JS 44
(Rev. 07/89)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE SECOND PAGE OF THIS FORM.)

## I. (a) PLAINTIFFS

Drew Takacs, individually and on behalf of all others similarly situated,

## DEFENDANTS

A.G. Edwards & Sons, Inc. and DOES 1 through 50, inclusive

'04 CV 1852 JAH (NLS)

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF _____
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

James F. Clapp
Dostart Clapp & Coveney, LLP
4370 La Jolla Village Dr., Suite 970
San Diego, CA 92122
Tel: 858.623.4200

ATTORNEYS (IF KNOWN)

Barbara I. Antonucci
Morgan, Lewis & Bockius LLP
One Market, Spear Tower
San Francisco, CA 94105
Tel: 415.442.1000

## II. BASIS OF JURISDICTION (PLACE AN 'X' IN ONE BOX ONLY)

- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [X] 3 Federal Question (U.S. Government Not a Party)
- [ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN 'X' IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

|  | PT | DEF |  | PT | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated or Principal Place of Business in This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business in Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

Plaintiff alleges that Defendant violated the Fair Labor Standards Act, 29 U.S.C. § 207(a)(1).

## V. NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| | PERSONAL INJURY | PERSONAL INJURY | | | |
| [ ] 110 Insurance | [ ] 310 Airplane | [ ] 362 Personal Injury - Medical Malpractice | [ ] 610 Agriculture | [ ] 422 Appeal 28 USC 158 | [ ] 400 State Reapportionment |
| [ ] 120 Marine | [ ] 315 Airplane Product Liability | [ ] 365 Personal Injury - Product Liability | [ ] 620 Other Food & Drug | [ ] 423 Withdrawal 28 USC 157 | [ ] 410 Antitrust |
| [ ] 130 Miller Act | [ ] 320 Assault, Libel & Slander | [ ] 368 Asbestos Personal Injury Product Liability | [ ] 625 Drug Related Seizure of Property 21 USC 881 | | [ ] 430 Banks and Banking |
| [ ] 140 Negotiable Instrument | [ ] 330 Federal Employers' Liability | | [ ] 630 Liquor Laws | PROPERTY RIGHTS | [ ] 450 Commerce/ICC Rates/etc. |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 340 Marine | PERSONAL PROPERTY | [ ] 640 R.R. & Truck | [ ] 820 Copyrights | [ ] 460 Deportation |
| [ ] 151 Medicare Act | [ ] 345 Marine Product Liability | [ ] 370 Other Fraud | [ ] 650 Airline Regs. | [ ] 830 Patent | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 152 Recovery of Defaulted Student Loans (Excl. Veterans) | [ ] 350 Motor Vehicle | [ ] 371 Truth in Lending | [ ] 660 Occupational Safety/Health | [ ] 840 Trademark | [ ] 810 Selective Service |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 355 Motor Vehicle Product Liability | [ ] 380 Other Personal Property Damage | [ ] 690 Other | SOCIAL SECURITY | [ ] 850 Securities/Commodities/Exchange |
| [ ] 160 Stockholders' Suits | [ ] 360 Other Personal Injury | [ ] 385 Property Damage Product Liability | LABOR | [ ] 861 HIA (1395ff) | [ ] 875 Customer Challenge 12 USC 3410 |
| [ ] 190 Other Contract | | | [X] 710 Fair Labor Standards Act | [ ] 862 Black Lung (923) | [ ] 891 Agricultural Acts |
| [ ] 195 Contract Product Liability | | | [ ] 720 Labor/Mgmt. Relations | [ ] 863 DIWC/DIWW (405(g)) | [ ] 892 Economic Stabilization Act |
| REAL PROPERTY | CIVIL RIGHTS | PRISONER PETITIONS | [ ] 730 Labor/Mgmt. Reporting & Disclosure Act | [ ] 864 SSID Title XVI | [ ] 893 Environmental Matters |
| [ ] 210 Land Condemnation | [ ] 441 Voting | [ ] 510 Motion to Vacate Sentence | | [ ] 865 RSI (405(g)) | [ ] 894 Energy Allocation Act |
| [ ] 220 Foreclosure | [ ] 442 Employment | HABEAS CORPUS: | [ ] 740 Railway Labor Act | FEDERAL TAX SUITS | [ ] 895 Freedom of Information Act |
| [ ] 230 Rent Lease & Ejectment | [ ] 443 Housing/ Accommodations | [ ] 530 General | [ ] 790 Other Labor Litigation | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 900 Appeal of Fee Determination Under Equal Access to Justice |
| [ ] 240 Torts to Land | [ ] 444 Welfare | [ ] 535 Death Penalty | [ ] 791 Empl. Ret. Inc. Security Act | [ ] 871 IRS - Third Party 26 USC 7609 | [ ] 950 Constitutionality of State Statutes |
| [ ] 245 Tort Product Liability | [ ] 440 Other Civil Rights | [ ] 540 Mandamus & Other | | | [ ] 890 Other Statutory Actions |
| [ ] 290 All Other Real Property | | [ ] 550 Civil Rights | | | |
| | | [ ] 555 Prison Conditions | | | |

## VI. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

- [ ] 1 Original Proceeding
- [X] 2 Removal from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from another district (specify)
- [ ] 6 Multidistrict Litigation
- [ ] 7 Appeal to District Judge from Magistrate Judgment

## VII. REQUESTED IN COMPLAINT:

[X] CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23   DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: [ ] YES [X] NO

## VIII. RELATED CASE(S) IF ANY (See instructions):

JUDGE _____   Docket Number _____

DATE
September 15, 2004

SIGNATURE OF ATTORNEY OF RECORD
Barbara I. Antonucci

#106967  $150.00

::ODMA\PCDOCS\WORDPERFECT\22816\1 January 24, 2000 (3:10pm)